UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                 :

UNITED STATES OF AMERICA,              :

                                 :          24-CR-392 (JMF)
         -v-                    :          26-CV-0059 (JMF)

                                 :

KEVIN RESHARD,                  :

                                 :        <u>MEMORANDUM OPINION</u>
               Defendant.      :            <u>AND ORDER</u>

                                 :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Kevin Reshard, who was convicted following a guilty plea of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced on May 14, 2025, principally to 50 months' imprisonment, *see* ECF No. 36, moves, without counsel, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, *see* ECF No. 45 ("Motion"). Reshard argues that, pursuant to Executive Order No. 14,206, which President Trump signed on February 7, 2025, "all gun laws are unconstitutional" and his conviction therefore must be vacated. Motion 4.

Reshard's motion is DENIED as frivolous. First and foremost, Reshard pleaded guilty pursuant to a plea agreement — a copy of which is attached to this Memorandum Opinion and Order as Exhibit A — in which he explicitly agreed not to "file a direct appeal *or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 . . . ,*" his "conviction." Exh. A ("Plea Agmt."), at 5 (emphasis added). In fact, he specifically waived "the right to challenge" his conviction "based on," as relevant here, "a claim that the statute(s) to which" he pleaded guilty "is unconstitutional." *Id.* He also waived the right to challenge, by Section 2255 motion or otherwise, "any sentence within or below the Stipulated Guidelines Range of 46 to 57 months'

imprisonment." *Id.* In light of these provisions, Reshard is barred from pursuing the relief he seeks here. *See Fernandez v. United States*, No. 12-CR-445, No. 15-CV-2230 (JMF), 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) (explaining that "[t]he Second Circuit has repeatedly — and emphatically — held that a defendant's knowing and voluntary waiver of the right to appeal a sentence is generally valid and enforceable.").

In any event, even if Reshard's motion were not barred by the plain terms of his plea agreement, it is meritless. First, President Trump signed Executive Order No. 14,206 before Reshard was sentenced, so Reshard could have made the argument he makes now at or before his sentencing. Second, contrary to Reshard's assertion, the Executive Order does not "deem . . . all gun laws . . . unconstitutional." Motion 4. Third, even if it purported to do so, "[i]t is emphatically the province and duty of the judicial department" — not the Executive Branch — "to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). Thus, the President's Order is not binding on the Court. And finally, the Second Circuit has squarely held (in a decision, no less, issued *after* President Trump signed Executive Order No. 14,206) that Section 922(g)(1), the statute under which Reshard was convicted, is constitutional. *See Zherka v. Bondi*, 140 F.4th 68, 77-96 (2d Cir. 2025). For these reasons, Reshard's motion is meritless (even if it were reframed as a claim that his lawyer rendered ineffective assistance by not challenging the constitutionality of Section 922(g)(1) at or before sentencing).

As Reshard has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in*

*forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 45 in 24-CR-392, to close 26-CV-0059, and to mail a copy of this Order to:

> Kevin Reshard
> Register Number: 19460-511
> USP Canaan
> P.O. Box 300
> Waymart, PA 18472

SO ORDERED.

Dated: January 8, 2026
      New York, New York

                        JESSE M. FURMAN
                        United States District Judge